# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MARY DOE SD, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:07CV362MLM |
| THE SALVATION ARMY,<br>a Non-Profit Corporation, | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION

This matter is before the court pursuant to the Motion for Summary Judgment filed by Defendant The Salvation Army ("Defendant"). Doc. 41. Plaintiff Mary Doe SD ("Plaintiff") filed a Response. Doc. 43. Defendant filed a Reply. Doc.. 45. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). Doc. 8.

## UNDISPUTED FACTS[1]

On about January 19, 2005, Plaintiff filed a Petition in the Circuit Court of the City of St. Louis, Cause No. 052-00251, alleging that Defendant is liable, under various theories, for sexual abuse she alleged that she suffered while attending Defendant's summer camp at its Temple in St. Louis. In Cause No. 052-00251 Plaintiff based her allegations of sexual abuse against Defendant on the alleged conduct of Defendant's employee, Jeffrey Staples. On about June 6, 2006, Plaintiff moved the State court to permit her to amend the Petition in Cause No. 052-00251 to include allegations against Defendant based on alleged sexual misconduct on the part of Captain Edward

---

[1] The facts are undisputed unless otherwise stated.

Mitchell. Doc. 1, Ex. 3. By Order dated November 14, 2006, the State court denied Plaintiff's motion to amend. Doc. 1, Ex. 4. Plaintiff filed the motion to amend after Captain Mitchell passed away in June 2005.[2] The Petition in Cause No. 052-00251 mentioned Captain Mitchell several times but did not allege that Edward Mitchell sexually abused Plaintiff.

On or about January 26, 2007, Plaintiff filed a second cause of action against Defendant, Cause No. 722 CC00193, in the Circuit Court of the City of St. Louis. Doc. 1, Ex. 6. In Cause No. 722 CC00193 Plaintiff alleged sexual misconduct on the part of Captain Mitchell. Defendant contends in its Motion for Summary Judgment, and Plaintiff denies, that upon filing Cause No. 052-00251 Plaintiff deliberately chose not to include the allegations she made against Captain Mitchell in Cause No. 722 CC00193. In support of her assertion that she did not deliberately do so, Plaintiff has submitted the affidavit of Stephen F. Peterson, M.D., in which he states that he is board certified in adult and forensic psychiatry; that he first evaluated Plaintiff in September and October 2005; that he re-interviewed Plaintiff in February and May 2006 at which time Plaintiff "provided additional information regarding sexual abuse by the perpetrator from The Salvation Army that she initially identified in the fall of 2005"; that in February and May 2006 Plaintiff "also identified a second individual whom she said sexually abused her during the same time frame at the Salvation Army" and stated that "she initially had been too embarrassed to reveal these additional incidents of sexual abuse." Doc. 43, Peterson Aff., ¶¶ 2-4. Dr. Peterson also states in his affidavit that "there was no indication that plaintiff presented false or exaggerated aspects of the alleged sexual abuse by ... Captain Mitchell. If anything, psychological testing and her mannerisms suggested she had actually

---

[2] Defendant alleges in the Motion for Summary Judgment, and Plaintiff denies in her Response, that Captain Mitchell passed away in June 2005. In its Reply, Defendant supported its allegation in this regard with an affidavit and newspaper articles.

2

been minimizing the intensity of her difficulties to appear more functional and avoid her sense of ongoing humiliation." Doc. 43, Peterson Aff., ¶ 5. Dr. Peterson further states that "[m]emory failure, failure to report at all, partial reporting, and delayed reporting are very common for those who [have] been sexually abused in childhood." Doc. 43, Peterson Aff., ¶ 5. Additionally, Dr. Peterson states in his affidavit:

> [P]laintiff adopted a false sense of blameworthiness for the emotional manipulation and sexual abuse perpetrated by Jeff Staples and Captain Mitchell. That self-blame likely further decreased the probability that she would report at all. This manipulative defense mechanism was pierced by undeniable public notice of clergy sex abuse during 2001 to 2003 in the St. Louis, Missouri, area related to the Catholic Church and the plaintiff's psychological treatment in early 2002. Thus, more than a decade of delay and initial partial reporting is quite reasonable given the specific circumstances of her abuse.

Doc. 43, Peterson Aff. ¶ 5.

Dr. Peterson concludes in his affidavit that Plaintiff's "serial disclosure of additional incidents of sexual abuse" was caused by, among other things: (1) the fact that she was too embarrassed to report all of the incidents because later incidents were prolonged and because she was warned by one of her abusers that she "brought the abuse on herself," and (2) Plaintiff's bipolar disorder. Doc. 43, Peterson Aff. ¶ ¶ 6(a)-(e).

On February 21, 2007, Defendant removed Cause No. 722 CC00193 to the United States District Court, Eastern District of Missouri, the matter currently under consideration. Plaintiff subsequently filed a First Amended Complaint which includes the following allegations: Count I, child sexual abuse; Count II, negligence; Count III, intentional infliction of emotional distress; Count IV, intentional failure to supervise clergy; and Count V, breach of fiduciary duty.

## LEGAL STANDARD FOR A MOTION FOR SUMMARY JUDGMENT

The court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id. See also Fenny v. Dakota, Minn. & E.R.R. Co., 327 F.3d 707, 711 (8th Cir. 2003) (holding that an issue is genuine "if the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party").

A moving party always bears the burden of informing the court of the basis of its motion. Celotex, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of his pleading. Id. at 256.

In passing on a motion for summary judgment, the court must view the facts in the light most favorable to the nonmoving party and all justifiable inferences are to be drawn in its favor. Id. at 255; Raschick v. Prudent Supply, Inc., 830 F.2d 1497, 1499 (8th Cir. 1987). The court's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. However, "[t]he mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient." Id. at 252. "Factual disputes that are irrelevant or

unnecessary" will not preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). With these principles in mind, the court turns to an analysis of Defendant's motion.

**DISCUSSION**

In the pending Motion for Summary Judgment Defendant contends that summary judgment should be granted in its favor based on a theory of laches and/or unreasonable delay on the part of Plaintiff in filing Cause No. 722 CC00193. In support of this claim Defendant argues that Plaintiff's failure to include her allegations of sexual abuse by Captain Mitchell in the first State court cause of action constitutes unreasonable and unjustified delay; that Defendant has been prejudiced by Plaintiff's delay in bringing her claims based upon Captain Mitchell's alleged sexual abuse of her; and that Plaintiff's new allegations contradict her previous sworn testimony. Plaintiff contends that her delay in filing Cause No. 722 CC00193 was reasonable and justified.

The doctrine of laches provides for dismissal of a claim where there is a showing of the following: "(1) unreasonable and unexcused delay in bringing the claim, and (2) material prejudice to the defendant as a result of the delay." Advanced Cardiovascular Sys. Inc. v. Scimed Life, 988 F.2d 1157, 1161 (8th Cir. 1993) (citing A.C. Aukerman Co. v. R.L. Chaides Construction Co., 960 F.2d 1020, 1028, 22 USPQ2d 1321, 1324 (Fed. Cir.1992) ( en banc)). See also Jennings v. Director of Revenue, 9 S.W.3d 699, 700 (Mo. Ct. App. 1999) ("Invocation of laches requires that a party with knowledge of the facts giving rise to his rights delays assertion of them for an excessive time and the other party suffers legal detriment therefrom.") (citation omitted). As a threshold matter, therefore, to invoke laches, a defendant must establish that "a party with knowledge of the facts giving rise to [her] rights delay[ed] assertion of them for an excessive time." Mackey v. Griggs, 61 S.W.3d 312, 318 (Mo. Ct. App. 2001) (citation omitted). As further explained by the court in Mackey:

5

> When considering the doctrine of laches, the court should consider the equities and the conduct of all the parties. Blackburn, 849 S.W.2d at 289. Equity does not encourage laches except to prevent injustice. Higgins v. McElwee, 680 S.W.2d 335, 341 (Mo. App. E.D.1984). *Whether laches is applicable is a question of fact to be determined from all the evidence.* Estate of Holtmeyer v. Piontek, 913 S.W.2d 352, 356 (Mo. App. E.D.1996).

61 S.W.3d at 318 (emphasis added).

Further, "[t]he burden of proof is on the party that raises the affirmative defense. Although the burden of coming forward with exculpatory evidence may shift to the claimant ... the ultimate burden of proof does not change." Advanced Cardiovascular, 988 F.2d at 1161.

"'Laches within the term of the statute of limitations is no defense at law.'" Ashley v. Boyle's Famous Corned Beef Co., 66 F.3d 164, 168 (8th Cir. 1995), rev'd on other grounds, (quoting United States v. Mack, 295 U.S. 480, 489 (1935)). See also Empiregas, Inc. of Palmyra v. Zinn, 833 S.W.2d 449, 451 (Mo. Ct. App. 1992) ("The general rule provides that the doctrine of laches will not bar a suit where the statute of limitation has not run as long as extraordinary facts do not warrant relief.").[3] Under Missouri law a child sexual abuse claim "does not accrue, and the limitations period does not begin to run, 'when the wrong is done or the technical breach of ... duty occurs, but when

---

[3] Defendant incorrectly suggests in its Reply that the holding in Ashley, 66 F.3d at 170, that laches can not be applied where a statute of limitations has not run, is limited to federal statutes of limitations and federal statutory claims. See e.g., Empiregas, 833 S.W.2d at 451. Defendant further urges that this court not consider Ashley but rather consider Albermarle Paper Co. v. Moody, 422 U.S. 405 (1975). First, Albermarle and Alshley are not inconsistent with one another as they each require that there must be both unreasonableness on the part of the plaintiff and prejudice to the defendant for laches principles to apply. Second, both cases were employment related and involved employees who sought back pay; in both cases the courts' inquiry centered on prejudice to the defendant as well as statutory purpose rather than on reasonableness of delay; repressed memory on the part of the plaintiffs was not an issue in either Albermarle or Alshley as it is in the matter under consideration. As discussed at length above, where a defendant invokes laches, a two-part test applies, the first of which is reasonableness of delay on the part of the plaintiff and the second of which is resulting prejudice to the defendant.

the damage resulting therefrom is sustained and is capable of ascertainment.'" Powel v. Chaminade College Preparatory, Inc., 197 S.W.3d 576, 577 (Mo. 2006) [4] (quoting Mo. Rev. Stat. § 516.100 (2000)).[5]

To prevail on its motion for summary judgment Defendant has burden of presenting undisputed facts which establish that Plaintiff's delay in bringing Cause No. 722 CC00193 was unreasonable. See Advanced Cardiovascular, 988 F.2d at 1161; Jennings, 9 S.W.3d at 700. Facts material to a determination regarding the reasonableness of Plaintiff's delay are, however, disputed. Significantly, consistent with Rule 56(e) Plaintiff has supported her opposition to Defendant's Motion for Summary Judgment with an affidavit from Dr. Peterson; this affidavit is made with Dr. Peterson's

---

[4] In Powel, 197 S.W.3d at 577, the plaintiff alleged intentional failure to supervise clergy and that teachers at the defendant's school sexually abused him; the plaintiff further alleged that he repressed memory of that abuse until he was forty-one years old and that the statute of limitations did not begin to run until that time. The defendants argued that the plaintiff knew he sustained injury prior to his alleged repression while the plaintiff submitted the affidavit of an expert stating that plaintiff "repressed his memory of the sexual misconduct before the resulting emotional and psychological damages caused by the wrongful conduct occurred, so that his damages were not capable of ascertainment until he regained those repressed memories in 2000." Id. at 578. The Missouri Supreme Court noted that the record contained conflicting evidence of what the plaintiff knew at what point and that these conflicts created a question of fact. Id.

[5] Mo. Rev. Stat. § 516.100 provides:

Civil actions, other than those for the recovery of real property, can only be commenced within the periods prescribed in the following sections, after the causes of action shall have accrued; provided, that for the purposes of sections 516.100 to 516.370, *the cause of action shall not be deemed to accrue when the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting therefrom is sustained and is capable of ascertainment, and, if more than one item of damage, then the last item, so that all resulting damage may be recovered, and full and complete relief obtained.*

(emphasis added).

personal knowledge based on his professional assessment of Plaintiff and on his interviewing Plaintiff. The material disputed facts include, but are not limited to, the following: whether there is a psychiatric or psychological explanation for Plaintiff's delay; whether Plaintiff deliberately chose not to include her claims against Captain Mitchell until after his death; and whether Plaintiff's delay was calculated to win undue advantage in litigation. Resolution of these material issues of fact remain to be determine by the jury. See Mackey, 61 S.W.3d at 318. The court finds, therefore, that there are genuine issues of material fact regarding the basis for Defendant's Motion for Summary Judgment and that, therefore, the motion should be denied. See Celotex, 477 U.S. at 322.

To the extent that Defendant contends that it is prejudiced by Plaintiff's delay and, in particular, that it is prejudiced because of Captain Mitchell's death, the court need not address this issue at this time because it has determined that there is a genuine issue of material fact regarding the reasonableness of Plaintiff's delay. See Advanced Cardiovascular, 988 F.2d at 1161; Jennings, 9 S.W.3d at 700.

Plaintiff argues that Defendant has waived any argument that Cause No. 722 CC00193 was not filed within the statute of limitations; that under such circumstances it must be assumed that this cause of action was filed within the statute of limitations; and that, as such, a defense of laches cannot be raised. Defendant did file a Motion to Dismiss on March 22, 2007, in which it alleged that Plaintiff's claims were "time-barred by the applicable statute of limitations." Doc. 11 at 1. Plaintiff subsequently filed an Amended Complaint on April 6, 2007. Doc. 15. On April 9, 2007, by docket text Order, the court denied Defendant's March 22, 2007 Motion to Dismiss as moot. The court granted Defendant "leave to re-file as to the Amended Complaint if appropriate." On April 7, 2007, Defendant filed a second Motion to Dismiss which was denied by this court on September 20, 2007.

8

Doc. 19, Doc. 44. In Defendant's second Motion to Dismiss it sought dismissal on grounds other than the statute of limitations. Defendant has not otherwise raised a statute of limitations defense. As stated above, laches is generally not applicable where a cause of action is filed within the applicable statute of limitations. Ashley, 66 F.3d at 168; Empiregas, 833 S.W.2d at 451. Because the court has found that Defendant's Motion for Summary Judgment should be denied on other grounds the court need not address Plaintiff's statute of limitations argument at this time. The court notes, however, that the applicable statute of limitations did not start to run until the last item of damage allegedly suffered by Plaintiff was "capable of ascertainment." Mo. Rev. Stat. § 516.100.

## CONCLUSION

The court finds that Defendant's Motion for Summary Judgment should be denied because there are genuine issues of material fact.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by Defendant is **DENIED**; Doc. 41.

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
Dated this 2nd day of October, 2007.   UNITED STATES MAGISTRATE JUDGE